IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| TODD J. HUNSICKER, DEBTOR | : | BANKRUPTCY NO.: 5-16-bk-02716-JJT |
| TODD J. HUNSICKER, MOVANT | : | {**Nature of Proceeding**: Motion to Avoid Judicial Lien (Doc. #13)} |
| vs. | : | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, formerly MBNA/Bank of America, RESPONDENT | : | |

*************************************************************************

| | | |
|---|---|---|
| TODD J. HUNSICKER, MOVANT | : | {**Nature of Proceeding**: Motion to Avoid Judicial Lien (Doc. #14)} |
| vs. | : | |
| LEHIGH VALLEY HOSPITAL, RESPONDENT | : | |

# OPINION[1]

The Debtor has filed two Motions to Avoid Judicial Liens of two judgment creditors pursuant to 11 U.S.C. § 522(f)(1)(A), (Docs. ##13 and 14). Both Motions allege that the judgment creditors obtained a judgment by default against the Debtor with said judgment being entered in the judgment record book of the appropriate county.[2]

Both Motions allege that the Debtor's household goods and accounts have been exempted under relevant provisions of 11 U.S.C. § 522, and, on that basis, the Debtor requested

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[2] The Motion at Doc. #13 alleges that the creditor, Portfolio Recovery Associates, LLC, formerly MBNA/Bank of America, obtained a judgment in the Court of Common Pleas of Carbon County on September 16, 2011, at Docket No. 11-1290 in the amount of $22,948.87. The Motion at Doc. #14 alleges that the creditor, Lehigh Valley Hospital, obtained a judgment in the Court of Common Pleas of Lehigh County by default judgment of which was subsequently transferred to the Court of Common Pleas of Carbon County at Docket No. 16-1477 on July 7, 2016, in the amount of $110,607.09.

that both of the judgments as a "judicial lien" be avoided since those liens impair the Debtor's ability to utilize exemptions to which the Debtor is entitled. Debtor's counsel also argued that the creditors had an "inchoate lien" which gave the creditors a potential lien.

It should be noted that neither of the judgment creditors responded to the Motions to Avoid Lien nor did the judgment creditors attend and participate at the argument scheduled by the Court. Further, the Court granted the Debtor 30 days from the hearing date to file a brief in support of the Motions, and at the time of the filing of this Opinion and accompanying Order, the docket reflects no brief was filed.

At the hearing, Debtor's counsel acknowledged that the Debtor did not own real estate nor were there writs of execution by the Sheriff.

The succinct issue for resolution is whether the judgment creditors have a lien on Debtor's personal property subject to avoidance.

> 42 Pa.C.S. § 4303. Effect of judgments and order as liens
>
> (a) Real property.— Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of hte clerk of the court of common pleas of the county where the real property is situated, or in the office of hte clerk of the branch of the court of common pleas embracing such county.
>
> By law, a judgment is a lien against all real estate (within the jurisdiction of the court which rendered the judgment) of the party against whom it is entered from the time of its entry. [For the original Judgment Law *see* Act of April 4, 1798, 3 Sm. L. 331; the current law is 42 Pa.C.S. § 4303]. It is not a lien against personal property, but against real estate only. Its lien binds any freehold estate in land, whether a fee, or life estate. *Hoffman's Estate*, 2 Pears. 317 (1878).

2 Ladner Pennsylvania Real Estate Law, § 29.02 at 29-4 (6th ed. 2016).

Recalling that Debtor's counsel acknowledged there were no writs of execution on the Debtor's property, I find that the subject judgments are not liens subject to avoidance under the

Bankruptcy Code.

Debtor also argues that the potential for a lien or the inchoate lien status of the judgments does establish a lien subject to avoidance under 11 U.S.C. § 522(f)(a)(A). 11 U.S.C. § 101(36) defines judicial lien as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. A lien, which is an inchoate lien, is so because the lien is not presently enforceable. Stop 35, Inc. vs. Haines, 374 Pa.Super. 604, 543 A.2d 1133 (1988). The Debtor's argument fails because, as referenced above, with no present ownership of real estate nor a writ of execution by a sheriff on the Debtor's personal property, the entry of the judgment on the dockets of the court of common pleas in and of itself does not create a judgment lien subject to avoidability under the Bankruptcy Code.

It is for all the above reasons that the Court finds the arguments advanced by the Debtor to avoid the subject judgments fail and the underlying Motions are denied. While these two judgments do not rise to lien status, they do represent unsecured debt of the Debtor subject to the general discharge provisions of the Bankruptcy Code and are therefore subject to being rendered void under 11 U.S.C. § 524(a)(1) of the Code upon entry of discharge. The Court takes judicial notice that on November 3, 2016, the Debtor received his discharge under Chapter 7 of the United States Bankruptcy Code voiding both of the judgments under the provisions of 11 U.S.C. § 524(a)(1).

My Order will follow.

By the Court,

Date: January 12, 2017

John J. Thomas, Bankruptcy Judge
(CMS)

[K:\Cathy\Opinions-Orders filed 2017\5-16-bk-02716-JJT_Hunsicker_#13_#14.pdf]    3

Case 5:16-bk-02716-JJT    Doc 27    Filed 01/12/17    Entered 01/12/17 14:16:30    Desc
Main Document    Page 3 of 3